**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER C. HUGHES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No.:  1:16-cv-11062 |
| | ) | |
| **v.** | ) | Hon. Andrea R. Wood |
| | ) | Magistrate Judge Susan E. Cox |
| **SHERIFF OF COOK COUNTY THOMAS** | ) | |
| **DART, SUPERINTENDENT JONES,** | ) | |
| **PAMELA HUMPHRIES, RN, UNKNOWN** | ) | |
| **PHYSICIANS JOHN DOES 1-2, and** | ) | |
| **UNKNOWN NURSES JANE DOES 1-4,** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiff Christopher C. Hughes, by and through his undersigned appointed counsel, Schiff Hardin LLP, brings this civil rights action alleging that the defendants were deliberately indifferent to his medical needs during his pretrial detainment at Cook County Jail.  On at least twenty-two occasions between September 2016 and August 2017, during his detainment at Cook County Jail, defendants failed to provide him his prescribed medications, thereby causing him to experience nerve pain, seizures and resultant head trauma, and other injuries.  The defendants are (i) Sheriff of Cook County, Thomas J. Dart, in his official capacity and individual capacity, (ii) Superintendent Jones, a superintendent at Cook County Jail, in his individual capacity, (iii) Pamela Humphries, RN, in her individual capacity, (iv) Unknown Physicians John Does 1-2, in their individual capacities, and (v) Unknown Nurses Jane Does 1-4, in their individual capacities (collectively, "Defendants").

## SUMMARY OF CLAIM

1.     Mr. Hughes brings this civil rights action to obtain redress for Defendants' deliberate indifference to his serious medical needs during his pretrial detainment at Cook County

Jail. Defendants repeatedly failed to provide Mr. Hughes his prescribed anti-seizure, pain, and other medications. Defendants' failure to provide Mr. Hughes his prescribed medications caused Mr. Hughes nausea, vomiting, headaches, severe nerve pain, and other injuries. Most severe, Defendants failed to provide Mr. Hughes his anti-seizure medication, which caused him on two different occasions to experience seizures and in turn to fall, injure his head, and suffer severe head swelling.

2.      Mr. Hughes was held as a pretrial detainee at Cook County Jail from about October 2012 until October 2017. While detained at Cook County Jail, Mr. Hughes was diagnosed as suffering from seizures, chronic nerve pain, and a psychiatric condition. The medical staff prescribed Mr. Hughes medication for these ailments and informed him that it was important that he receive the prescribed medications, detailed below, as prescribed.

3.      Despite knowing that Mr. Hughes suffered from serious medical issues and despite prescribing him medication to remediate these issues, the medical and jail staff at the Cook County Jail repeatedly failed to provide Mr. Hughes with his prescribed medication. During the relevant time period, from September 2016 to August 2017 (the "Relevant Period"), the staff at Cook County Jail refused to provide Mr. Hughes his prescribed medication on at least twenty-two separate occasions. On each of these twenty-two occasions, Mr. Hughes suffered severe nerve pain caused by the failure to administer his pain medication; and on many of those occasions, he suffered withdrawal symptoms, nausea, vomiting, diarrhea, and headaches. Furthermore, Mr. Hughes suffered at least two seizures foreseeably caused by Defendants' failure to administer his anti-seizure medication. Both of those seizures resulted in Mr. Hughes falling and injuring his head, which prompted visits to the hospital for treatment.

4.     Defendants did not have a legitimate reason to deny Mr. Hughes his medication. On those at least twenty-two separate occasions, the staff told Mr. Hughes that he would not receive his prescribed medications because of an "administrative lock-down" due to safety concerns. During these "administrative lock-downs," the medical staff failed to provide, or was prevented from providing medications to Mr. Hughes and all the other detainees in his division as well. On information and belief, many of these "administrative lock-downs" occurred because Cook County Jail was understaffed on those occasions, not because there was any security problem that necessitated a lock-down. Many of the lock-downs occurred on weekends or on or near holidays, when understaffing issues apparently most often presented themselves.

5.     On each of the at least twenty-two occasions when the medical staff failed to provide Mr. Hughes his prescribed medications, Mr. Hughes verbally complained to jail and medical staff and followed up with formal, written grievances, all of which were denied and most of which denials Mr. Hughes appealed. Mr. Hughes also informed his treating physicians (John Does 1-2) and Superintendent Jones of the failures to provide medication. Despite Mr. Hughes' complaints to these individuals and submitting formal grievances, Defendants intentionally refused to correct the problem or, at least, turned a blind eye to the deficient treatment provided to Mr. Hughes.

6.     In short, under the leadership of Cook County Sheriff Thomas J. Dart, Cook County Jail had a practice, policy, or custom of refusing to permit medical staff to provide prescribed medications to detainees at Division 9, including Mr. Hughes, when the jail was understaffed or when supposed safety concerns allegedly prevented the other Defendants from providing medication. The safety concerns were trumped up and did not really prevent medication from being distributed: during other "lock-downs" or "administrative lock-downs" detainees were

locked in their cells, and medical staff was able to provide them with medication by bringing medications directly to the detainees' cells. The practice, policy, or custom of refusing to permit medical staff to provide prescribed medications constitutes deliberate indifference to Mr. Hughes' medical treatment and violates his rights under the Fourteenth Amendment and 42 U.S.C. § 1983. Mr. Hughes therefore brings this action against Cook County Sheriff Thomas J. Dart in his official capacity for implementing this improper practice, policy, or custom and/or permitting it to endure.

7. Alternatively, to the extent that there was a not practice, policy, or custom of routinely refusing to permit medical staff to provide medication, then the medical staff's failure to administer the medication that they themselves had prescribed to Mr. Hughes constitutes deliberate indifference to Mr. Hughes' medical treatment, thereby violating his rights under the Fourteenth Amendment and 42 U.S.C. § 1983. Mr. Hughes therefore brings this action against his treating physicians, his nurses, and Superintendent Jones, each of whom failed to remedy the problem despite being on clear notice that Mr. Hughes was repeatedly being denied his medication, and suffered physical pain and at least two seizures as a result of missing doses of his prescribed medication.

**JURISDICTION & VENUE**

8. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Mr. Hughes' rights as secured by the Fourteenth Amendment to the United States Constitution. The Court therefore has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this suit occurred during Mr. Hughes' pretrial confinement at Cook County Jail, which is located in Chicago, Illinois, within this judicial district.

## PARTIES

10.     Plaintiff, Christopher C. Hughes, is an individual who was incarcerated as a pretrial detainee at the Cook County Department of Corrections at Cook County Jail in Chicago, Illinois between about October 2012 and October 2017, and during the entirety of the Relevant Period. Mr. Hughes was a resident of Division 9 at the Cook County Jail.  Mr. Hughes is currently incarcerated at Dixon Correctional Center, located in Illinois.

11.     Defendant Cook County Sheriff Thomas J. Dart is an elected official of Cook County, who operated during the Relevant Period under color of law, and is named in both his official capacity and individual capacity.

12.     Non-party Cermak Health Services ("Cermak") is a subdivision of Cook County that provides medical care and services to detainees at Cook County Jail.

13.     Defendants Pamela Humphries, RN, and Unknown Nurses Jane Does 1-4 are the only five nurses who tended to the medical care of Mr. Hughes and the other detainees of Division 9 during the Relevant Period.  Pamela Humphries, RN, and Jane Does 1-4 are employees of Cermak and operated during the Relevant Period under color of law.  On information and belief, one of the Jane Does Nurses is named Nurse Smith.  Pamela Humphries, RN, and Jane Does 1-4 are named in their individual capacities.

14.     Defendants Unknown Physicians John Does 1-2 were Mr. Hughes' treating physicians while he was detained at the Cook County Jail during the Relevant Period.  John Does 1-2 are employees of Cermak and operated at all times during the Relevant Period under color of law.  John Does 1-2 are named in their individual capacity.

15.     Defendant Superintendent Jones is a Superintendent at the Cook County Jail.  He is an employee of Cook County and operated at all times during the Relevant Period under color of law.  Superintendent Jones is named in his individual capacity.

**BACKGROUND**

**Mr. Hughes' Medical Ailments And Prescriptions**

16.     Since approximately October 2012, Mr. Hughes has suffered from seizures.  No later than April 2013, a licensed physician prescribed Mr. Hughes the anti-seizure medications Dilantin and Gabapentin.

17.      Since at least April 2013, Mr. Hughes has suffered from severe nerve pain throughout portions of the left side of his body.  No later than November 2013, a licensed physician prescribed Mr. Hughes the pain medication Gabapentin.

18.     After April of 2013 and before August of 2016, Mr. Hughes was also diagnosed with a psychiatric condition and was prescribed Remeron and Effexor.

**Mr. Hughes' Intake And Treatment At Cook County Jail**

19.     On or about October 2012, Mr. Hughes was detained at Cook County Jail, and he was detained there during the Relevant Period.

20.     During the entirety of the Relevant Period at Cook County Jail, Mr. Hughes was subject to medical conditions that, if untreated, caused him to suffer seizures and nerve pain, and he was subject to psychiatric conditions, including withdrawal from his prescribed medications. Mr. Hughes was prescribed Dilantin, Gabapentin, Remeron, and Effexor (collectively, the "Prescribed Medications") to address these medical and psychiatric conditions.

21.     During the Relevant Period, Mr. Hughes was treated primarily by two unknown physicians, John Does 1-2.  John Does 1-2 prescribed Mr. Hughes the Prescribed Medications.

22.     During the Relevant Period, Mr. Hughes was treated by five nurses, Pamela Humphries and Jane Does 1-4.  Pamela Humphries and Jane Does 1-4 were responsible for providing Mr. Hughes the Prescribed Medications twice daily, once in the morning and once in the evening.

**Medical Staff Repeatedly Fail To Provide Mr. Hughes' His Prescribed Medications**

23.     On at least the following occasions, Pamela Humphries and Jane Does 1-4 failed to provide Mr. Hughes the Prescribed Medications:

September 10, 2016
September 11, 2016
September 17, 2016
September 18, 2016
September 25, 2016
October 25, 2016
October 28, 2016
November 8, 2016
January 7, 2017
March 13, 2017
April 27, 2017
May 14, 2017
June 17, 2017
July 4, 2017
July 27, 2017
August 2, 2017
August 12, 2017
August 17, 2017
August 29, 2017

24.     For each failure to provide the Prescribed Medications listed in the preceding paragraph, Mr. Hughes complained to the jail staff and later the medical staff that he needed his Prescribed Medications.  The jail and medical staff told Mr. Hughes that, because of "administrative lock-downs" in Division 9, they were unable to provide him or any of the other detainees in Division 9 their medications.

25. For each failure to provide the Prescribed Medications, Mr. Hughes timely filed an official written grievance with Cook County Jail. Each of those written grievances was denied, and Mr. Hughes timely appealed the denial of at least the majority of the grievances.

26. Mr. Hughes further complained to unknown doctors John Does 1-2 and Superintendent Jones about the repeated failures to provide him his Prescribed Medications. Despite repeated oral and written complaints and grievances, John Does 1-2, Superintendent Jones, and Sheriff Dart failed to take any steps to ensure that Mr. Hughes received his Prescribed Medications. John Does 1-2, Superintendent Jones, and Sheriff Dart failed to take any effective corrective or remedial action whatsoever for more than a year despite having actual notice of Mr. Hughes' medical conditions, having actual notice of the head injury described below that was caused by Mr. Hughes' seizure in September of 2016 and that resulted from the denial of his Prescribed Medications, and having actual knowledge of the nurses' failure to provide the Prescribed Medication. This failure on the part of John Does 1-2, Superintendent Jones, and Sheriff Dart constitutes a gross failure to supervise and at least constitutes turning a blind eye to this deliberate indifference.

**Mr. Hughes' Resultant Injuries**

27. Pamela Humphries and Jane Does 1-4 failed to provide Mr. Hughes his Prescribed Medications on September 10, 2016 and on the morning of September 11, 2016. On September 11, 2016, at approximately 2:00 p.m., Mr. Hughes suffered a seizure caused by the failure to provide him his Prescribed Medications. This seizure caused him to fall and injure his head. As a result, Mr. Hughes experienced head trauma and swelling. He was transferred to the dispensary for medical attention, and dispensary personnel then transferred him to Cermak Hospital for medical attention.

28.     Pamela Humphries and Jane Does 1-4 failed to provide Mr. Hughes his Prescribed Medications on the evening of August 29, 2017.  On August 29, 2017, at around 9:00 p.m., Mr. Hughes suffered a seizure caused by this failure, and this seizure caused him to fall and injure his head yet again.  He was hospitalized at Cermak Hospital for several days as a result.

29.     In addition to the two seizures and resulting head traumas discussed above, each time Pamela Humphries and Jane Does 1-4 failed to provide Mr. Hughes his Prescribed Medications caused direct injury and harm to Mr. Hughes.  As noted, Mr. Hughes suffers from chronic nerve pain that is managed by prescribed pain medication.  Mr. Hughes suffered severe nerve pain caused by the failure to administer his pain medication and suffered withdrawal symptoms including nausea, diarrhea, vomiting, headache, and others by the failure to administer the Prescribed Medications.  In addition to these physical injuries, Mr. Hughes also experienced mental injury and emotional distress when he failed to receive his Prescribed Medications.  Furthermore, Mr. Hughes was placed in the frightening position of never knowing whether he would actually receive the Prescribed Medications and knowing that if he did not, then he would experience severe pain and other medical issues and could potentially suffer a life threatening seizure.

30.     In order to provide constitutionally adequate medical care, Defendants were required to provide Mr. Hughes his Prescribed Medication and to provide medications to the other detainees in Division 9 even when there was an "administrative lock-down" or safety issues.  Indeed, if all the detainees were restrained in their cells due to an "administrative lock-down" or due to safety issues, it would be safer than usual for the medical staff to provide detainees their prescribed medications.  Defendants should have taken reasonable steps to ensure that Mr. Hughes received his Prescribed Medications, but they failed to do so.

## COUNT I – SHERIFF OF COOK COUNTY THOMAS J. DART
### Deprivation of Right to Medical Care / Deliberate Indifference
### 42 U.S.C. § 1983

31.     Paragraphs 1 through 30 above are incorporated by reference as if fully set forth herein.

32.     At all times during the Relevant Period, doctors had issued prescriptions for the Prescribed Medications required to control Mr. Hughes's serious medical conditions.

33.     During the specific instances described above in Paragraph 23, Mr. Hughes did not receive the Prescribed Medications, because, under Sheriff Dart, Cook County Jail had a practice, policy, or custom of refusing to provide detainees at Division 9 their prescribed medications when there was an "administrative lock-down."

34.     Because he knew of Mr. Hughes' medical needs and knew also of the inadequacies and deficiencies in the staffing and procedures at Cook County Jail, Sheriff Dart had a duty under the Fourteenth Amendment to establish and implement policies, practices, and customs designed to ensure that Mr. Hughes received adequate medical care and treatment, including timely delivery of the Prescribed Medications.

35.     Sheriff Dart breached and neglected this duty by instead adopting policies, practices, and customs that he knew or reasonably should have known would be ineffective in delivering, and would prevent the delivery of, adequate medical treatment and care, thereby endangering Mr. Hughes' health and well-being in violation of rights secured to Mr. Hughes by the Fourteenth Amendment to the United States Constitution.

36.     Furthermore, knowing of Mr. Hughes' medical needs or with deliberate indifference to such needs, Sheriff Dart has failed to instruct, supervise, and train Cook County Jail employees and agents in such a manner as to assure the delivery of adequate medical care to Mr. Hughes, particularly during administrative lock-downs, thereby endangering Mr. Hughes'

health and well-being in violation of rights secured to Mr. Hughes by the Fourteenth Amendment to the United States Constitution.

37.     As a direct and proximate result of the above described actions and omissions by Sheriff Dart, Mr. Hughes has suffered damages in an amount to be proven at trial.  Sheriff Dart is therefore liable in his official capacity.

<u>**COUNT II –THOMAS J. DART**</u><br>**Deprivation of Right to Medical Care / Deliberate Indifference**<br>**42 U.S.C. § 1983**

38.     Count II is brought in the alternative to Count I.

39.     Paragraphs 1 through 5 and Paragraphs 7 through 30 above are incorporated by reference as if fully set forth herein.

40.     Furthermore, by reason of Mr. Hughes' repeated complaints and formal grievances, Sheriff Dart knew, on information and belief, that Mr. Hughes was not receiving adequate medical care, because of the failure to provide him his Prescribed Medications; and Sheriff Dart facilitated, approved, condoned, or turned a blind eye to this failure.  In other words, on information and belief, Sheriff Dart knew about the deprivation of Mr. Hughes' right to adequate medical care and acted either knowingly or with deliberate indifference to cause him to be deprived of that medical care.  Sherriff Dart had a duty to act because of his role as supervisor of the Cook County Jail. Sheriff Dart is therefore liable in his individual capacity because of his direct knowledge and role in the deliberate indifference to Mr. Hughes' medical care.

41.     Sheriff Dart consciously refused to take reasonable measures to ensure that the Prescribed Medications were provided to Mr. Hughes in accordance with his prescriptions.

42.      As a direct and proximate result of the above described actions and omissions by Sheriff Dart, Mr. Hughes has suffered damages in an amount to be proven at trial.

## COUNT III – PAMELA HUMPHRIES, RN, JANE DOES 1-4, JOHN DOES 1-2
### Deprivation of Right to Medical Care / Deliberate Indifference
### 42 U.S.C. § 1983

43.     Count III is brought in the alternative to Count I.

44.     Paragraphs 1 through 5, Paragraphs 7 through 30, and Paragraphs 37 through 42 above are incorporated by reference as if fully set forth herein.

45.     At all times during the Relevant Period, Mr. Hughes was prescribed the Prescribed Medications, which were required to control his serious medical conditions.

46.     During the specific instances described above in Paragraph 23, Pamela Humphries and Jane Does 1-4 failed to provide Mr. Hughes with the Prescribed Medications.

47.     John Does 1-2 and Pamela Humphries and Jane Does 1-4 knew about Mr. Hughes' medical needs, so they had a duty under the Fourteenth Amendment to ensure that Mr. Hughes received his Prescribed Medications.   By failing to provide Mr. Hughes his Prescribed Medications, John Does 1-2 and Pamela Humphries and Jane Does 1-4 violated Mr. Hughes' right to receive adequate medical treatment, thereby endangering Mr. Hughes' health and well-being in violation of rights secured to Mr. Hughes by the Fourteenth Amendment to the United States Constitution.  John Does 1-2 and Pamela Humphries and Jane Does 1-4 are therefore liable in their individual capacities.

48.     Furthermore, by reason of Mr. Hughes' repeated complaints and formal grievances, John Does 1-2, on information and belief, knew that Mr. Hughes was not receiving adequate medical care because he was not receiving his Prescribed Medications; and they facilitated, approved, condoned, or turned a blind eye to this failure.  In other words, on information and belief, John Does 1-2 knew about the deprivation of Mr. Hughes' right to adequate medical care and acted either knowingly or with deliberate indifference.  John Does 1-2 are therefore liable in

their individual capacities because of their direct knowledge and role in the deliberate indifference to Mr. Hughes' medical care.

49.     John Does 1-2 and Pamela Humphries and Jane Does 1-4 consciously refused to take reasonable measures to ensure the Prescribed Medications were provided to Mr. Hughes.  On information and belief, John Does 1-2 and Pamela Humphries and Jane Does 1-4 acted with reckless disregard for Mr. Hughes' rights.

50.      As a direct and proximate result of the above described actions and omissions by John Does 1-2 and Pamela Humphries and Jane Does 1-4, Mr. Hughes has suffered damages in an amount to be proven at trial.

## COUNT IV – SUPERINTENDENT JONES
### Deprivation of Right to Medical Care / Deliberate Indifference
### 42 U.S.C. § 1983

51.     Count IV is brought in the alternative to Count I.

52.     Paragraphs 1 through 5, Paragraphs 7 through 30, and Paragraphs 37 through 50 above are incorporated by reference as if fully set forth herein.

53.     At all relevant times, Mr. Hughes was prescribed the Prescribed Medications, which were required to control his serious medical conditions.

54.     By reason of Mr. Hughes' repeated complaints and formal grievances, Superintendent Jones knew that Mr. Hughes was not receiving adequate medical care, because of the failure to provide him his Prescribed Medications; and Superintendent Jones facilitated, approved, condoned, or turned a blind eye to this failure.  Superintendent Jones had a duty to act because of his role as supervisor of Division 9 of the Cook County Jail.  In other words, on information and belief, Superintendent Jones knew about the deprivation of Mr. Hughes' right to adequate medical care and acted either knowingly or with deliberate indifference.  Superintendent

Jones is therefore liable in his individual capacity because of his direct knowledge and role in the deliberate indifference to Mr. Hughes' medical care.

55.     Superintendent Jones consciously refused to take reasonable measures to ensure the Prescribed Medications were provided to Mr. Hughes.  On information and belief, Superintendent Jones acted with reckless disregard for Mr. Hughes' rights.

56.      As a direct and proximate result of the above described actions and omissions by Superintendent Jones, Mr. Hughes has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Christopher C. Hughes, requests that the Court enter judgment in his favor against Defendant Cook County Sheriff Thomas Dart, in his official capacity and award him:

(A) compensatory damages in an amount to be proven at trial, including but not limited to damages for physical, mental, and emotional pain, anguish, and suffering, costs of future medical care, and any other compensatory damages to which plaintiff may be entitled;

(B) reasonable attorneys' fees, expenses, and costs of this action; and

(C) such other and further relief as this Court deems just and proper.

Alternatively, Christopher C. Hughes, requests that the Court enter judgment in his favor against Defendants (i) Sheriff Thomas Dart in his individual capacity, (ii) Superintendent Jones, in his individual capacity, (iii) Unknown Physicians John Does 1-2, in their individual capacities, and (iv) Pamela Humphries and Jane Does 1-4, in their individual capacities, and award him:

(A) compensatory damages in an amount to be proven at trial, including but not limited to damages for physical, mental, and emotional pain, anguish, and suffering,

costs of future medical care, and any other compensatory damages to which plaintiff may be entitled;

(B) punitive damages;

(C) reasonable attorneys' fees, expenses, and costs of this action; and

(D) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Mr. Hughes demands a trial by jury on all issues so triable.

Dated: August 23, 2018                                   Respectfully submitted,

CHRISTOPHER C. HUGHES

By: */s/ Michael K. Molzberger*
       Michael K. Molzberger
       Sarah K. Schiferl
       Schiff Hardin LLP
       233 South Wacker Drive
       Suite 7100
       Chicago, IL  60606
       312.258.5500

       *Counsel for Plaintiff Christopher C. Hughes*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.


*/s/ Sarah K. Schiferl*